### WALSH v. WOLF et al.

*(Circuit Court, D. Minnesota. October 25, 1890.)*

PLEADING—COMPLAINT—DESCRIPTION OF PLACE.
> In an action for personal injuries received by a child while playing with a detonating cap used to explode dynamite, an allegation in the complaint that defendant deposited the caps on the premises of plaintiff's father, at a designated number and street, sufficiently describes the place, without stating specifically on what part of the premises the caps were deposited.

At Law. Motion for new trial.
*Erwin & Wellington*, for plaintiff.
*Davis, Kellogg & Severance*, for defendant.

NELSON, J. I find nothing in this case that would justify me in granting the motion for a new trial. Defendants' negligence was found by the jury to be the proximate cause of the injury complained of. The defendants could not have been misled by the allegation in the complaint. It was not necessary to aver any more specifically the place on the premises of plaintiff's father where the fulminating caps were placed. Witnesses were introduced by defendants, and a map to show that the water-pipes were not piled up or located on the alleged premises. There was conflict of evidence, and the jury found against the defendants upon the weight of plaintiff's testimony. The case was fairly tried, and the law correctly given. The tenth request was properly modified. The newly-discovered evidence is cumulative, and not sufficient to warrant a new trial. It is true, as counsel states, that new trials are granted in the discretion of the court, but such discretion must be a legal one; and, when no satisfactory legal reason can be urged in favor of the motion for a new trial, it must be overruled. Such is my duty on this application.

Motion denied.